UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TIM ROBINSON, individually and d/b/a www.ow-racing.com and www.torn8oalley.com,<br><br>Defendant. | Civil Action No.<br><br>05-11639 NG<br><br>MEMORANDUM IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND <u>EXPEDITED DISCOVERY</u> |

iRacing.com Motorsport Simulations, LLC, f/k/a First, LLC and First-Racing.Net ("iRacing") respectfully submits this memorandum in support of its Ex Parte Application For Temporary Restraining Order and Expedited Discovery against defendant Tim Robinson ("Robinson").

## INTRODUCTION

iRacing brings this action to stop Robinson's Internet distribution of software programs that automatically create new versions of iRacing's copyrighted NASCAR® Racing 2003 Season ("NASCAR® 2003") auto racing simulation software. Not only do these software applications violate iRacing's exclusive copyrights for distribution of NASCAR® 2003 derivative works, but also they include special programs designed to circumvent NASCAR® 2003's copy protection systems in violation of the Digital Millennium Copyright Act. Moreover, Robinson's creation and distribution of this software violates the license agreement that he agreed to when he first installed NASCAR® 2003. Accordingly, iRacing respectfully requests that this Court: (1) temporarily restrain Robinson from publishing over the Internet any applications or

works that derive from or modify NASCAR® 2003 as well as any software executables that defeat NASCAR® 2003's copy protection; (2) permit iRacing limited expedited discovery to more fully support its preliminary injunction motion; and (3) order Robinson to preserve all relevant documents and data.

## FACTS

iRacing is the owner of all of the intellectual property rights in NASCAR® 2003, including all copyrights whether registered or unregistered. (Affidavit of David Kaemmer In Support Of Application for Temporary Restraining Order and Expedited Discovery ("Aff.") ¶ 2). NASCAR® 2003 is an award-winning, computerized auto racing simulation program that is so realistic that even NASCAR® drivers use it as a training tool. (Aff. ¶ 3).

Anyone lawfully obtaining a copy of NASCAR® 2003 is required to agree to explicit prohibitions in the End User License Agreement (the "EULA"), including prohibitions on copying, reproducing, deriving source code or reverse engineering NASCAR® 2003 (i.e., analyzing the computer-language instructions to determine the way in which the program was written), creating derivative works based on NASCAR® 2003, and transferring reproductions of NASCAR® 2003 to other parties in any way. (Aff. ¶ 7; Complaint ("Cmplt."), Exh. A). The EULA further provides that "[a]ny use, reproduction or redistribution of the Program not in accordance with the terms of the License Agreement is expressly prohibited." (Aff. ¶ 8; Cmplt., Exh. A).

All lawful copies of NASCAR® 2003 are equipped with an application called Securom to protect against software piracy. (Aff. ¶ 11). In effect, Securom creates a lock and key that will prevent NASCAR® 2003 from operating on a computer unless the

NASCAR® 2003 CD-ROM is in the computer's disk drive. (Id.). In other words, if a software hacker makes a digital copy of NASCAR® 2003 and provides it to another user (effectively stealing a copy), Securom prevents the recipient from running the software unless the new user's computer has a NASCAR® 2003 CD-ROM in its disk drive. (Id.).

One of the most important parts of the NASCAR® 2003 software is the NR2003.exe file that controls loading of NASCAR® 2003 into memory when the program starts up. (Aff. ¶ 12). Upon information and belief, Robinson or third parties located iRacing's proprietary physics formula data through reverse engineering NR2003.exe and/or using tools that examine the computer's memory as NR2003.exe is running. (Aff. ¶ 13). Robinson evidently used this information to modify the NR2003.exe file to change parameters within the NASCAR® 2003 physics model to simulate two racing series other than NASCAR® 2003. (Aff. ¶ 14). Specifically, Robinson created two software applications: (1) the "OW-Racing 2005 Mod" under the file name "owr2k5_v1.0.0.1.zip" that simulates the Indy Racing League; and (2) the "Sprint Car Mod" that simulates the Sprint Car Series (together, the "Hack Applications"). (Aff. ¶ 15).

When installing the OW-Racing 2005 Mod, the program asks the end user to identify the NASCAR® 2003 personal computer directory location, then copies this directory and adds some modified software files, including an executable that defeats the Securom copy protection (the "NO-CD file"), and allows Robinson's derivative version of NASCAR® 2003 to operate without a NASCAR® 2003 CD-ROM in the computer's disk drive. (Aff. ¶ 16). The Sprint Car Mod follows the same procedures

3

without including a NO-CD file, but Robinson developed and published a separate NO-CD file under the file name "owsc_nocd_temp.zip" that users may download and run to circumvent the Securom copy protection for the Sprint Car Mod. (Aff. ¶ 17).

As of the date of the complaint's filing, Robinson was publishing the OW-Racing 2005 Mod and the NO-CD file on three Internet websites that he either owns or with which he is affiliated. (Aff. ¶¶ 5, 6, 18 & Exhs. A & B).

## ARGUMENT

I.  iRACING IS ENTITLED TO INJUNCTIVE RELIEF

As this Court has previously held, a temporary restraining order or preliminary injunction should issue where there has been a copyright violation. AccuSoft Corp. v. Mattel, Inc., 117 F. Supp. 2d 99 (D. Mass. 2000) (enjoining distribution of computer software program containing unlicensed application); Accusoft Corp. v. Palo, 923 F. Supp. 290, 297 (D. Mass. 1996) (injunction against distribution of computer code not provided for in license agreement); see also 17 U.S.C. § 502(a); Microsystems Software, Inc. v. Scandinavia Online AB, 98 F. Supp. 2d 74, 74 (D. Mass. 2000) (permanent injunction against Internet publication of "cphack.exe" created by reverse engineering software in violation of license agreement and federal copyrights).

Similarly, a temporary restraining order or preliminary injunction should issue where the defendant violates the Digital Millennium Copyright Act ("DMCA") by manufacturing or distributing technology that circumvents the technological measures that copyright owners use to restrict access to their copyrighted works. Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc., Civ. A. No. 02-12102-RWZ, 2004 WL 1497688 at *4-*6 (D. Mass. July 2, 2004) (enjoining use of computer program

security code obtained through reverse engineering to circumvent an access control mechanism).

As set forth below, Robinson knowingly and willfully reverse-engineered NASCAR® 2003 to create derivative works and is distributing them by free download over the Internet, which permits untold thousands to create new versions of NASCAR®2003 in violation of iRacing's exclusive right to prepare such derivative works.  Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2780 (2005) (software application distributed over Internet that permits users to engage in widespread copyright violation is illegal under the Copyright Act); Microsystems, 98 F. Supp. 2d at 74 (enjoining Internet distribution of application created in violation of license agreement and copyrights).  Further, in violation of the Digital Millennium Copyright Act, Robinson knowingly and willfully created and is distributing files that circumvent NASCAR® 2003's Securom copy protection, which also justifies injunctive relief.  17 U.S.C. § 1201(a)(2); Storage Tech., 2004 WL 1497688 at *4 (enjoining DMCA violation).

A.    iRacing Is Likely To Succeed On Its Copyright Infringement Claim

To prove a copyright violation in the First Circuit, iRacing need only demonstrate: (1) its ownership of a valid copyright in a work; and (2) copying of that work by the defendant without permission to do so.  Storage Tech., 2004 WL 1497688 at *3 (citing Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 605 (1st Cir. 1988)); Accusoft Corp., 923 F. Supp. at 295 (reciting elements of copyright claim).  Publication of a derivative work is likewise a copyright violation.  Microsystems, 98 F. Supp. 2d at 74; Michaels v. Internet Entm't Group, Inc., 5 F. Supp. 2d 823, 843 (C.D.

Cal. 1998) (granting TRO against, among other things, creation and publication of derivative works).

There is no dispute that iRacing holds a valid copyright in NASCAR® 2003. (Aff. ¶ 2). Robinson created and distributed the Hack Applications, including the OW-Racing 2005 Mod and the separate NO-CD file for the Sprint Car Mod, by engaging in de-compilation or reverse engineering of iRacing's copyrighted NASCAR® 2003 work. (Aff. ¶¶ 13-17). This conduct violates the EULA and iRacing's exclusive rights to control publication of NASCAR® 2003 derivative works. Storage Tech., 2004 WL 1497688 at * 3 (citing MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 519 (9th Cir. 1992)); see also Grokster, 125 S. Ct. at 2780.

Indeed, two recent cases compel the conclusion that iRacing is likely to prevail on the merits and that a temporary restraining order is appropriate. In the Microsystems case, this Court (Harrington, J.) entered a temporary restraining order against Internet publication of cphack.exe where the individual defendants had admittedly created the application by de-compiling Microsystems' software in violation of the applicable license agreement. 998 F. Supp. 2d at 74. Similarly, in Davidson & Assoc., Inc. v. Internet Gateway, Inc., 334 F. Supp. 2d 1164 (E.D. Mo. 2004), the court considered almost identical license terms, rejected any defense that Robinson might assert in response to iRacing's claims, and found both breaches of contract and copyright violations. 334 F. Supp. 2d at 1175, 1180-81 (finding "click through" end user license agreement's prohibition of reverse engineering enforceable and defendants' reverse engineering actionable).

B. <u>iRacing Is Likely To Prevail On Its DMCA Claim</u>

DMCA § 1201(a)(2) prohibits manufacture and distribution of technology that circumvents measures that copyright owners use to restrict access to their copyrighted works. 17 U.S.C. § 1201(a)(2); <u>Universal City Studios, Inc. v. Corley</u>, 273 F.3d 429, 440-41 (2d Cir. 2001) (affirming order enjoining Internet web site owners from posting for download computer software that decrypted DVDs and from knowingly linking to other websites that offered similar software).

This law is right on point for Robinson's wrongdoing. Securom is iRacing's "technological measure" that controls access to a copyrighted work. <u>See</u> 17 U.S.C § 1201(a)(3)(B); <u>Sony Computer Entm't Am., Inc. v. Gamemasters</u>, 87 F. Supp. 2d 976, 987 (N.D. Cal. 1999) (enjoining DMCA violation and holding that computer game console designed to allow play of computer games "only when encrypted data is read from an authorized CD-ROM" is a "technological measure" that controls access). The OW-Racing 2005 Mod and the NO-CD file in the Hack Applications are "technology" designed to circumvent iRacing's copy protections within the meaning of the statute. <u>Universal City Studios, Inc. v. Reimerdes</u>, 111 F. Supp. 2d 294, 317 (S.D.N.Y. 2000) (enjoining DMCA violation and holding that a computer program "unquestionably is 'technology' within the meaning of the statute"). Indeed, the NO-CD file's sole function is to bypass the Securom copy protection and allow users operate NASCAR® 2003 without having a NASCAR® 2003 CD-ROM in the computer's CD-ROM drive. (Aff. ¶¶ 16-17).

Accordingly, Robinson's creation and distribution of the NO-CD files violate the DMCA because: (1) they are "primarily designed or produced" to circumvent the

Securom copy protection; (2) they have "limited commercially significant purpose or use" other than to circumvent the Securom copy protection; and (3) Robinson has marketed the NO-CD files by offering them for download and, as the designer of the files, knows they have no purpose other than the circumvention of the Securom copy protection. 17 U.S.C. §§ 1201(a)(2)(A), 1201(a)(2)(B), 1201(a)(2)(C); Reimerdes, 111 F. Supp. 2d at 318-19.

C.  The Harm To iRacing Outweighs Any Possible Harm to Robinson

Irreparable harm to iRacing is presumed upon its demonstration of a likelihood of success on the merits on the copyright infringement claim. Storage Tech., 2004 WL 1497688 at *5 (citing Concrete Mach. Co., 843 F.2d at 611-12). Indeed, IRacing will suffer actual, immediate and incalculable injury if Robinson continues to offer for free download applications that generate new versions of iRacing's copyrighted software and circumvent iRacing's digital copyright protection systems. Davidson, 334 F. Supp. 2d at 1184-85; Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir. 1983) (reversing denial of preliminary injunction and finding substantial investment of time and money in developing computer software justified injunction against competitor's use of copyrighted operating programs). Robinson, on the other hand, will suffer absolutely no harm if the Court prevents him from publishing the OW-Racing 2005 Mod and the NO-CD file, both of which violate iRacing's copyrights as well as the DMCA.

Accordingly, this Court should enjoin Robinson from continued publication of the Open Wheel Mods and the NO-CD files in derogation of iRacing's copyrights in NASCAR® 2003 and in violation of the DMCA.

II.  **EXPEDITED DISCOVERY WILL ALLOW iRACING TO ARGUE ITS PRELIMINARY INJUNCTION MOTION ON A MORE FULLY DEVELOPED RECORD**

Expedited discovery is appropriate in the context of prospective copyright violations where, as here, delay may result in continued irreparable harm. Microsystems Software, Inc. v. Scandinavia Online AB, Civ. A. No. 00-10488-EFH, slip op. at 1 (Harrington, J.) (a copy of which is attached as Exhibit A). Here, iRacing is likely to be prejudiced if it must wait the normal time to initiate discovery because it must rapidly file for a preliminary injunction and because some of the information it seeks here is electronic evidence that "can easily be erased and manipulated." Physicians Interactive v. Lathian Sys., Inc., No. CA 03-1193-A, 2003 WL 23018270 at * 10 (E.D. Va. Dec. 5, 2003) (allowing expedited discovery). Expedited discovery is also appropriate to "enable the court to judge the parties' interests and respective chances for success on the merits." Edudata Corp. v. Scientific Computers, Inc., 599 F. Supp. 1084, 1088 (D. Minn.) (granting expedited discovery), aff'd in part and rev'd in part on other grounds, 746 F.2d 429 (8th Cir. 1984).

In short, given the speed with which digital information spreads on the Internet and can be destroyed at the click of a button, iRacing is entitled to learn what illegal use Robinson made of iRacing's proprietary software code and the breadth of the Hack Applications' impact without waiting for the traditional discovery mileposts. iRacing's requested discovery is narrowly tailored and only asks Robinson to respond to one document request by providing information that is easily accessible to him. Accordingly, the usual time for which the Rules provide is unnecessary.

iRacing also requests that this Court issue a document preservation order, which

9

would require Robinson to preserve and hold inviolate software, documents, source code and communications relating to NASCAR® 2003 and anyone who downloaded any application Robinson created to generate derivative versions of NASCAR® 2003 or to defeat NASCAR® 2003's copy protection system.

## CONCLUSION

For the foregoing reasons, iRacing respectfully requests that the Court:

A. Enter a temporary restraining order against Robinson's publication of (i) any works that derive from or otherwise modify NASCAR® 2003 and (ii) any executables that defeat NASCAR® 2003's digital copy protection;

B. Grant the requested expedited discovery and document preservation order; and

C. Enter such further and additional relief as the Court deems just and proper.

DATED: August 8, 2005

Respectfully submitted,

iRacing.com Motorsport Simulations, LLC

By its attorneys,

Irwin B. Schwartz BBO #548763
Petrie Schwartz LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800
(617) 421-1810 (fax)

Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff iRacing.com Motorsport Simulations, LLC, hereby certify that on this 8th day of August 2005, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, and served the same by Federal Express and e-mail to Mr. Tim Robinson, 2104 Poppy Lane, Richardson, Texas 75081-4709 at swdiecast@ow-racing.com

Irwin B. Schwartz

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------X

MICROSYSTEMS SOFTWARE, INC., a :
Massachusetts corporation,         CIVIL NO. 00-10488-EFH
and MATTEL, INC., a Delaware   :
corporation,
                               :
    Plaintiffs,
                               :
    vs.
                               :
SCANDINAVIA ONLINE AB, a Swedish
corporation; ISLANDNET.COM, a  :
Canadian corporation; EDDY L. O.
JANSSON, a Swedish citizen; and :
MATTHEW SKALA, a Canadian citizen,

    Defendants.                :

------------------------------X

*E.F.H*

~~PROPOSED~~ ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER, EXPEDITED DISCOVERY AND FOR
HEARING DATE ON PRELIMINARY INJUNCTION MOTION

Upon the Verified Complaint, the Memorandum in Support of Ex Parte Motion for Expedited Discovery, Affidavit of Irwin B. Schwartz and for good cause shown, it is hereby **ORDERED** that:

1. Plaintiffs shall serve as rapidly as possible the Summons, Verified Complaint, and the discovery attached hereto as Exhibit A, and that defendants shall deliver all documents responsive to the document requests to the office of plaintiffs' counsel no later than twenty-four hours after service upon them.

2. A Temporary Restraining Order immediately shall issue, and the defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, shall discontinue publishing defendants' Cyber Patrol bypass source code and binaries (known as "CP4break.zip" or

"cphack.exe" or any derivative thereof).

3. In addition, all defendants shall preserve inviolate the software and information that makes up all such Web sites, source or object code and documents relating to Cyber Patrol as well as all records which reflect the identity or number of persons who downloaded "CP4break.zip" or "cphack.exe" from the Web sites; and

4. the hearing on Plaintiffs' Motion For Preliminary Injunction shall be held on March 27, 2000 at 2:00 o'clock.

Dated: March 17, 2000

SO ORDERED,

*[signature: Edward F. Harrington, J.]*

2