UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iRACING.COM MOTORSPORT SIMULATIONS LLC, )<br>a Delaware Limited Liability Company, Plaintiff )<br>)<br>V. )<br>)<br>TIM ROBINSON, individually and d/b/a )<br>www.ow-racing.com and www.torn8oalley.com, )<br>and www.first-racing-sucks.com )<br>)<br>Defendant ) | Civil Action No.<br>05-11639 NG |

---------------------------------------------------------------------

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

First Defense

For answer to the numbered paragraphs of the Plaintiff's Amended Complaint, the defendant says as follows:

1. Defendant admits that in December 2004 iRacing authorized Robinson to test the Beta version of an auto racing simulation computer game iRacing was developing, subject to a Confidential Disclosure Agreement.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence.  Defendant denies the allegations in the second sentence. Defendant admits that iRacing requested Robinson to remove certain links from a website, and that Robinson did so.  Defendant admits that the quoted words in the third sentence appear in an email, but denies that plaintiff has fairly presented them in context.  Defendant denies the remaining allegations in paragraph 1.

2.  Denied.

3. This paragraph purports to be merely plaintiff's description of its lawsuit. To the extent that the paragraph purports to allege any wrongdoing by defendant, defendant denies the allegations.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Denied.

6. Defendant admits the allegations in the first sentence of paragraph 6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies same.

7. Defendant admits the allegation in the first sentence of paragraph 7. Defendant denies the remaining allegations in paragraph 7.

8. Admitted.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Papyrus Design Group, Inc. is iRacing's predecessor-in-interest and therefore denies same. Defendant admits the remaining allegations in paragraph 9.

10. Defendant denies the allegations in the first sentence of paragraph 10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies same.

12. Admitted

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies same.

14. Admitted

15. Admitted

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies same.

17. Admitted

18. Admitted

19. Admitted

20. Admitted that this language appears in the EULA

21. Admitted that language to this effect appears in the EULA

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same.

23. Admitted

24. Defendant admits that he informed iRacing that he had the NASCAR®2003 in his possession, that he has installed it on a computer, and that the installation process required him to accept the EULA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies same.

25. Denied

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies same.

27. Admitted

28. Defendant admits the allegations in the first two sentences of paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph 28 and therefore denies same.

29. Defendant admits the allegations in the first sentence of paragraph 29. Defendant denies the remaining allegations in paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies same.

32. Defendant denies the allegation in the first sentence of paragraph 32. Defendant denies the remaining allegations in paragraph 32 as they are predicated upon the allegations in the first sentence that defendant denies.

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

38. Denied

39. Denied

40. Denied

41. Denied

42. Admitted

43. Defendant admits that he complied with iRacing's request to remove specific files, but denies that he ever threatened anything.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what discoveries iRacing made and when iRacing made discoveries.

Defendant denies sub-paragraph 44a insofar as it relates to ww.first-racing-sucks.com.

Defendant admits the remaining allegations in sub-paragraphs 44a and b.

45.  Denied.

46.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies same.

47.  Denied.

48.  Defendant admits that he, as Owner, OW-Racing.com, agreed to test the beta version of racing software iRacing was developing but had not yet released (the "Beta Software"). Defendant denies the remaining allegations in paragraph 48.

49.  Admitted

50.  Admitted

51.  Defendant admits that the quoted language appears in Exhibit B.

52.  Defendant admits that, for a time, he participated in testing the Beta Software. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 52 and therefore denies same.

53.  Denied

54.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 54 and therefore denies same.

55.  Defendant admits that the quoted words appear in a posting, but denies that plaintiff has fairly presented them in context.  Further answering defendant says that the quoted words appear in the following posting that was responding to an inquiry as to whether or not defendant had "blown my NDA":

"I didn't really blow my NDA, as nothing I told you has anything to do with their future plans in the strictest sense of the word.

And if I did, big whoop!  Even they have said publicly that anything going on when I was involved would be nothing like what the finished product would be like.

I doubt I am really saying anything that people smarter than me are able to figure out with all the info that is out there.

And besides, that NDA wouldn't stand up in court anyway.  As with most NDA's they would have to prove that what I said was harmful or gave away some sort of proprietary info."

56. Denied

57. Defendant admits that copyright law protects NASCAR®2003.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

58. Denied

59. Denied

60. Denied

Count I

61. Defendant restates and reaffirms the responses contained in paragraphs 1 through 60 of this Complaint

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies same.

63. Denied

64. Denied

65. Denied

66. Denied

67. Denied

68. Denied

Count II

69. Defendant repeats and reaffirms the responses contained in paragraph 1 through 68 of this Complaint.

70. Denied

71. Denied

72. Denied

73. Denied

74. Denied

75. Denied

Count III

76. Defendant repeats and reaffirms the responses contained in paragraphs 1 through 75 of this Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies same.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies same.

79. Denied

80. This appears to be merely plaintiff's prayer for relief. To the extent that the paragraph purports to allege any wrongdoing by defendant, defendant denies the allegations.

Count IV

81. Defendant restates and reaffirms the responses contained in paragraphs 1 through 80 of this Complaint.

82. Defendant admits that Exhibit A contains the wording appearing in sub-paragraphs (a)-(c).

83. Denied

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies same.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies same.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies same.

Count V

87. Defendant restates and reaffirms the responses contained in paragraphs 1 through 86 of this Complaint.

88. Defendant admits that the excerpts from the Disclosure agreement are accurately stated.

89. Denied

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies same.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies same.

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies same.

## Second Defense

93. The Court lacks jurisdiction over the person of the defendant, who is an individual having no contacts with Massachusetts and has not been in Massachusetts since 1985.

## Third Defense

94. This Court lacks jurisdiction over this action because the End User License Agreement ("EULA") which the plaintiff alleges that the defendant breached includes both a choice-of-law provision and a forum selection provision specifically designating a court in Los Angeles California as the situs for any litigation:

> "11. Miscellaneous. This License Agreement shall be deemed to have been made and executed in the State of California and any dispute arising hereunder shall be resolved in accordance with the law of California. You agree that any claim asserted in any legal proceeding by one of the parties against the other shall be commenced and maintained in any state or federal court located in the State of California, County of Los Angeles, having subject matter jurisdiction with respect to the dispute between the parties. . . . ."

## Fourth Defense

95. The venue of this action is improper, as the defendant is an individual who does not reside in Massachusetts and has not physically been in Massachusetts since 1985; who does not have any place of business in Massachusetts; and who has committed no acts of infringement in Massachusetts. The web sites complained about are hosted in Texas. They are personal web

sites of defendant made available free of charge; nothing is sold on or through the web sites; and they are not used for any commercial purposes.

## Fifth Defense

96. NASCAR®2003 was developed by Papyrus Design Group, Inc. (hereinafter "Papyrus"). Defendant's work expands upon Papyrus' work and adds new and enhanced content with a further purpose or different character with new expression, meaning or message. Defendant's work uses completely different models of car, and the physics of cars are significantly different from NASCAR's. Defendant's work breathes new life and expands the content of the NASCAR®2003 platform with an Open Wheel Style modification.

97. The difference in the size of executable files further highlights the differences between plaintiff's work and defendant's work. Plaintiff's original NR2003 executable is 5,297 KB in size; Defendant's OWR05 executable is only 3,720 KB in size.

98. Defendant's work is transformative in nature, not derivative as alleged, and therefore is allowable under the Fair Use doctrine provided for in Federal Copyright Law.

## Sixth Defense

99. Papyrus made NASCAR®2003 available to the public in February 2003. Prior thereto, Papyrus had developed NASCAR®2002, Grand Prix Legends (GPL) and NASCAR® 4, all of which relied in the same base operating code.

100. When Papyrus owned GPL, NASCAR® 4, NASCAR®2002 and NASCAR®2003, and made them available for use, Papyrus permitted and encouraged users to develop transformative works, as evidenced by the literally hundreds perhaps thousands of aftermarket car shapes, tracks, and even executables as proven by the long standing GPL Community. Defendant created and made available to the public at no charge such a transformative work.

101.  Papyrus was aware of the existence of numerous transformative works and made no objections.

102.  Papyrus ceased operations around May 2004.

103.  Defendant continued to make improvements on his transformative work, and continued to make it available free of charge.

Seventh Defense

104.  Plaintiff has waived its right to enforce the provisions of the EULA as Plaintiff and its predecessor encouraged violations and openly accepted and encouraged violations of the EULA.

Eighth Defense

105.  Plaintiff has waived its right to enforce the provisions of the EULA as utilizing the same EULA, Plaintiff encourages violations of the EULA by allowing and recommending an additional copy, also known as a "fresh install" for the one-time licensed GTP Mod from Redline Developments, www.redlinedevelopments.com.

Ninth Defense

106.  Plaintiff's present Complaint is an unfair and inequitable attempt to acquire ownership of Defendant's transformative work, without compensating Defendant for same.

Tenth Defense

107.  The copyright that Plaintiff alleges to have been infringed is not entitled to protection (a) under the *scènes à faire* doctrine,  (b) as to any method of operation, regardless of the form in which it is described, explained, illustrated or embodied in such work, and (c) as to any useful articles and functional elements.

WHEREFORE, the defendant Tim Robinson respectfully requests that the Court dismiss this action and award defendant his costs, including reasonable counsel fees.

    By his attorneys,

    Joseph F. Ryan BBO# 435720
    Lyne Woodworth & Evarts LLP
    600 Atlantic Avenue
    Boston, MA 02210
    Telephone 617/523-6655 - Telecopy 617/248-9877
    E-mail: Jryan@LWELaw.com