UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| iRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company, | : | Civil Action No. 05-11639 NG |
| Plaintiff, | : | |
| v. | : | JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(d) |
| TIM ROBINSON, individually and d/b/a www.ow-racing.com, www.torn8oalley.com and www.First-Racing-Sucks.com | : | |
| Defendant. | : | |

Pursuant to Local Rule 16.1(d), and in connection with the Scheduling Conference set for September 29, 2005, iRacing.com Motorsport Simulations, LLC ("iRacing") and Tim Robinson jointly propose that the Court set the following pretrial schedule.

**PROPOSED AGENDA**

Counsel suggest the following matters for discussion at the Scheduling Conference:

    A.    The schedule for this action, which shall encompass the following:

        1.    Preliminary Motions;

        2.    Proposed Discovery Plan and Pretrial Schedule;

        3.    Protective Order;

        4.    Dispositive motions; and

        5.    Trial.

    B.    Status of settlement proposals

    C.    Parties' Positions re: Consent to Trial by Magistrate Judge

    D.    Counsel's Certifications.

**PRELIMINARY MOTIONS**

A.  Defendant anticipates filing a Motion to Dismiss for lack of personal jurisdiction, or for Change of Venue.

B.  Deadline for Joinder of Parties: December 1, 2005

C.  Deadline for Amendment of Pleadings: January 13, 2006.

**PROPOSED DISCOVERY PLAN AND PRETRIAL SCHEDULE**

Unless counsel for all parties otherwise agree, discovery deadlines shall be as follows:

A.  <u>Initial Disclosures</u>:  iRacing served its initial Rule 26(a)(1) disclosures on September 22, 2005. Defendant will serve Defendant's initial disclosures not later than Monday, October 17, 2005.

B.  <u>Phased Discovery</u>:  iRacing has considered phased discovery and does not currently believe it is appropriate in this case. Defendant requests that initially discovery be limited to issues related to jurisdiction and venue.

C.  <u>Fact Discovery</u>:  The parties shall complete fact discovery no later than May 26, 2006. The parties will serve all discovery requests such that responses are due no later than that date.

   1.  The parties propose to limit depositions to the number of depositions Rule 30 of the Federal Rules of Civil Procedure and Local Rule 26.1(c) presumptively allow.

   2.  The parties propose to limit the length of each deposition to one day of seven hours, unless the Court authorizes otherwise.

   3.  The parties propose to limit interrogatories to the number that Rule 33 of the Federal Rules of Civil Procedure and Local Rule

26.1(c) presumptively allow.

    4.    The parties propose to limit the number of requests for admission to the number that Local Rule 26.1(c) presumptively allows.

    5.    The parties propose to limit requests for production to two additional sets of requests for production, consisting of no more than 30 total requests.

D. <u>Experts</u>. The parties have been unable to agree on a discovery schedule for experts. Accordingly, the parties set forth their respective proposals below.

*Plaintiff's Proposal:*

    1.    Expert Discovery Cut-off: July 28, 2006. The parties will serve all discovery requests regarding testifying experts such that responses are due no later than that date.

    2.    Rule 26(a)(2) Disclosures:

        a.    In accord with Fed. R. Civ. P. 26(a)(2), the parties shall designate all testifying experts and provide opposing counsel with all information that Rule requires on or before June 16, 2006.

        b.    In accord with Fed. R. Civ. P. 26(a)(2), the parties shall designate all rebuttal experts and provide opposing counsel with all information that Rule requires on or before July 7, 2006.

        c.    The parties shall complete expert depositions on or before July 28, 2006.

*Defendant's Proposal*

Defendant requests phased disclosures and discovery of experts.

1. Plaintiff shall designate plaintiff's experts by February 1, 2006.

2. Plaintiff shall serve any reports required by Fed. R. Civ. P. 26(a)(2) for any experts plaintiff intends to offer for its case-in-chief no later than March 1, 2006.

3. Defendant shall designate defendant's experts by March 31, 2006.

4. Defendant shall serve reports for any experts required by Fed. R. Civ. P. 26(a)(2) for any experts defendant intends to offer for its defense no later than May 1, 2006.

5. Depositions of experts must be concluded no later than June 30, 2006.

6. In accord with Fed. R. Civ. P. 26(a)(2), plaintiff shall designate all rebuttal experts and provide opposing counsel with all information that Rule requires on or before July 14, 2006.

7. Defendant shall designate all rebuttal experts and provide opposing counsel with all information that Rule requires on or before July 31, 2006.

8. The parties shall complete depositions of rebuttal experts on or before September 15, 2006.

## PROTECTIVE ORDER

iRacing believes that a two-tiered protective order may be necessary to preserve the confidentiality of its trade secrets and other confidential materials. The parties will confer and endeavor to agree upon a mutually satisfactory

protective order to submit to the Court.

## DISPOSITIVE MOTION SCHEDULE

A.   Dispositive Motion Deadline:  The parties will serve dispositive motions on or before August 11, 2006.

B.   Each party will respond to dispositive motions on or before thirty-five (35) days from the date on which it was served with a dispositive motion.

C.   The parties will reply in support of a dispositive motion only by leave of Court.

## STATUS OF SETTLEMENT PROPOSALS

The parties have not yet exchanged settlement offers.

## TRIAL

The parties do not presently consent to trial by magistrate judge.

## CERTIFICATION OF COUNSEL

The undersigned counsel have conferred with their respective clients about the following:

A.   Establishing a budget for the costs of conducting the full course —and various alternative courses — of the litigation; and

B.   Considering the resolution of litigation through alternative dispute resolution programs such as those outlined in Local Rule 16.4.

The parties attach certifications by their respective, authorized representatives affirming that the parties have conferred with their respective counsel regarding the same.

DATED: September 23, 2005.

/s/ *Irwin B. Schwartz*
Irwin B. Schwartz BBO#548763
*Attorney for iRacing.com Motorsport Simulations, LLC*

PETRIE SCHWARTZ LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800


/s/ *Joseph F. Ryan*
Joseph F. Ryan BBO #435720
*Attorney for Tim Robinson*

LYNE WOODWORTH & EVARTS LLP
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 523-6655

6

## CERTIFICATION

STATE OF MASSACHUSETTS        )
                              ) ss.
COUNTY OF SUFFOLK             )

    I, David Kaemmer, am the President and Chief Executive Officer of iRacing.com Motorsport Simulations, LLC ("iRacing"), and am authorized to make this certification for and on behalf of iRacing. I have conferred with iRacing's counsel regarding:

(1) Establishing a budget for the costs of conducting the full course — and various alternative courses — of this litigation; and

(2) Considering the resolution of this litigation through alternative dispute resolution programs

Executed on this 22d day of September 2005.

                iRACING.COM MOTORSPORT
                SIMULATIONS, LLC

                By: David Kaemmer
                Its: President and Chief Executive Officer

CERTIFICATION

STATE OF TEXAS                    )
                                  ) ss.
COUNTY OF DALLAS                  )

I, Tim Robinson, have conferred with my counsel regarding:

(1) Establishing a budget for the costs of conducting the full course — and various alternative courses — of this litigation; and

(2) Considering the resolution of this litigation through alternative dispute resolution programs.

Executed on this 23RD day of September 2005.

_____
Timothy O. Robinson

8