UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

iRACING.COM MOTORSPORT SIMULATIONS LLC,  )
a Delaware Limited Liability Company, Plaintiff  )
                                                 )
V.                                               )          Civil Action No.
                                                 )          05-11639 NG
TIM ROBINSON, individually and d/b/a             )
www.ow-racing.com and www.torn8oalley.com,       )
Defendant                                        )
-------------------------------------------------

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL

Defendant and defendant's counsel OPPOSE Plaintiff's Motion for Sanctions, on the grounds:

1. Plaintiff has omitted a central fact relating to his scheduling of defendant's deposition.

2. Plaintiff's counsel never advised that he intended to file his motion to compel and for sanctions, prior to filing of the Motion (Local Rule 7.1)

3. Plaintiff now has received discovery responses and has not been prejudiced by the delay.

4. Defendant provided information timely to defendant's counsel and the final delay in responding was due to defendant's counsel's inability to communicate with defendant, who resides in Texas.

5. Plaintiff's request for money sanctions is overbearing.

1.      <u>Plaintiff has omitted a central fact regarding his scheduling of defendant's deposition.</u>

Plaintiff's counsel  represents in his motion that

3. On October 11, 2005, after multiple unanswered emails asking Ryan to confirm a deposition date or offer alternative dates, iRacing served Robinson with a deposition subpoena setting Robinson's deposition for November 15, 2005 . . . .

What plaintiff's counsel does not disclose is that when plaintiff's counsel first disclosed his intention to depose defendant in November, defendant's counsel told him that due to other commitments and deadlines, he could not attend a deposition in Texas in November and, furthermore, that he planned to file a motion to dismiss this case for lack of jurisdiction.

Defendant's counsel asked that the deposition be scheduled later.   Plaintiff's counsel refused to consider a later deposition date and insisted defendant's counsel commit to a November date.  Defendant's counsel repeated that he was not in a position to do so.

Thereafter there were  <u>three</u> emails that went unanswered.  All three of them related to plaintiff's counsel's implementing his non-negotiable demand that defendant's deposition occur in November.

On September 29, plaintiff's counsel sent an email advising that <u>he</u> was available to depose defendant on November 14, 15, or 16, and requesting defendant's counsel determine whether <u>defendant</u> was available on any of those days.  Consistent with plaintiff's counsel's knowledge that defendant's counsel could not attend a November deposition, and plaintiff's counsel's earlier refusal to consider postponing taking the deposition until after November,  there was no mention in the email as to whether these dates were convenient to defendant's counsel.

[Attachment 1]

On October 5, 2005, plaintiff's counsel sent an email advising that, absent a response to his earlier email, he intended to select November 16 as the deposition date. [Attachment 2]. After alerting defendant to the date, plaintiff's counsel served a deposition notice for November 15.

On November 1, plaintiff's counsel sent an email concerning a deposition he had scheduled of a "Tim Ryan" and asking if changing the date of that deposition to a day earlier, November 14, would be more convenient. [Attachment 3]. As defendant's counsel already had made it abundantly clear that no date in November was convenient, no response was indicated.

Plaintiff's counsel proceeded to take defendant's deposition on November 15. Defendant's counsel was not able to attend to represent his client, but listened in by telephone from Boston.

2    Plaintiff's counsel never advised that he intended to file his Motion, prior to filing of the Motion (Local Rule 7.1)

Although plaintiff's counsel telephoned to inquire as to the whereabouts of responses to his discovery requests some days prior to filing his motion, plaintiff never disclosed that he was intending to file a motion to compel and for sanctions. Plaintiff never telephoned or sent any form of communication thereafter to disclose that he intended to file a motion to compel and for sanctions with the Court. Local Rule 7.1.

Ironically, in stark contrast to plaintiff's counsel handling of his present motion, at 6:38 p.m. this past Friday, plaintiff's counsel sent a "Local Rule 37.1" demand to "meet and confer" as to another issue. [Attachment 4]. No such letter preceded filing of plaintiff's present motion.

3.    Plaintiff now has received discovery responses and
has not been prejudiced by the delay.

*Answers to Interrogatories* – Defendant's counsel telecopied and mailed Answers to Interrogatories to plaintiff's counsel on Friday, November 11, 2005. Plaintiff's counsel had them for his deposition of defendant, and inquired of defendant concerning certain of the answers.

*Responses to Document Requests* – Defendant's counsel emailed and mailed all available documents to plaintiff's counsel on Saturday, November 12, 2005. On the prior day, defendant's counsel had asked defendant to make a further search for documents and to bring all responsive documents to his deposition in Texas on Tuesday, November 15, 2005. During Defendant's deposition plaintiff's counsel inquired directly of defendant about the possible existence of other documents that might be responsive to the document requests. Defendant testified that he had no further documents responsive to plaintiff's document requests.

In further follow-up communications with Defendant, Defendant's counsel identified some computer files not already in plaintiff's possession that might be considered responsive to plaintiff's requests, and defendant's counsel has instructed defendant to put copies of those files onto cd's. Defendant's counsel now has served upon plaintiff's counsel a formal response to the request for production so indicating.

4.    Defendant provided information timely to defendant's counsel and the final delay
in responding was due to counsel's inability to communicate with defendant, who
resides in Texas.

Plaintiff's counsel served his discovery requests on September 23, 2005. Defendant's counsel received timely information from defendant with which to prepare drat answers to

interrogatories, on October 18, 2005 [Attachment 5], but due to the press of other matters did not attend to them immediately.

In response to plaintiff's counsel telephone inquiry about the status of answers to interrogatories, defendant's counsel did confirm that he would endeavor to provide responses by that week's end. Defendant's counsel put the information provided by defendant into the usual question and answer format. However, defendant was not immediately available to review them [Attachment 6]. Hence it took more time than anticipated to finalize and to serve them upon plaintiff's counsel.

5. Plaintiff's request for money sanctions is overbearing.

The principal owner of the plaintiff iRacing is John W. Henry, an owner of the Boston Red Sox who also runs a very successful investment company. [Attachments 7A & 7B]. Mr. Henry has demonstrated from "day 1" that money is no object to him in this litigation. He has hired additional counsel in Colorado to assist Boston counsel in the case. Indeed, his entire strategy in filing a case in Massachusetts against an individual in Texas– seeking to enforce rights under a document prepared by plaintiff that requires the parties to litigate in California [Complaint, Ex. A ¶11]– appears to be to use his wealth to force defendant who cannot afford to litigate "long distance" simply to give up his rights.

<u>Conclusion</u>

Upon the foregoing points and authorities, the defendant and undersigned defendant's counsel respectfully requests that plaintiff's motion be DENIED.

By his attorneys,

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com

## Joseph F. Ryan

**From:**     Irwin Schwartz [ischwartz@petrieschwartz.com]

**Sent:**     Thursday, September 29, 2005 5:42 PM

**To:**       jryan@lwelaw.com

**Subject:** Deposition Dates

I am available to take Mr. Robinson's deposition in Dallas on November 14, 15, or 16. Please determine whether
your client is available on any of those days.

Thank you.

Irwin Schwartz
Petrie | Schwartz LLP
500 Boylston Street, Suite 1860
Boston, MA 02116
617.421.1800 (phone)
617.421.1810 (fax)
ischwartz@petrieschwartz.com

The information contained in this communication is confidential and should be considered to be attorney work
product and/or attorney-client privileged. This communication is the property of Petrie Schwartz LLP and is
intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete
the message, and note that any distribution or copying of this message is prohibited.

ATTACHMENT 1

## Joseph F. Ryan

**From:**    Irwin Schwartz [ischwartz@petrieschwartz.com]
**Sent:**    Wednesday, October 05, 2005 10:02 AM
**To:**    jryan@lwelaw.com
**Subject:** RE: Deposition Dates


I have not received a response from you on this.  Absent one by the end of the day we will schedule Mr. Robinson's deposition for November 16th in Dallas.

Thank you.

Irwin Schwartz
Petrie | Schwartz LLP
500 Boylston Street, Suite 1860
Boston, MA  02116
617.421.1800 (phone)
617.421.1810 (fax)
ischwartz@petrieschwartz.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged.  This communication is the property of Petrie Schwartz LLP and is intended only for the use of the addressee.  If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited.

-----Original Message-----
**From:**  Irwin Schwartz
**Sent:**  Thursday, September 29, 2005 5:42 PM
**To:**    Joseph F. Ryan (jryan@lwelaw.com)
**Subject:**    Deposition Dates

I am available to take Mr. Robinson's deposition in Dallas on November 14, 15, or 16.  Please determine whether your client is available on any of those days.

Thank you.

Irwin Schwartz
Petrie | Schwartz LLP
500 Boylston Street, Suite 1860
Boston, MA  02116
617.421.1800 (phone)
617.421.1810 (fax)
ischwartz@petrieschwartz.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged.  This communication is the property of Petrie Schwartz LLP and is intended only for the use of the addressee.  If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited.

11/19/2005                    ATTACHMENT 2

## Joseph F. Ryan

**From:**    Irwin Schwartz [ischwartz@petrieschwartz.com]
**Sent:**    Tuesday, November 01, 2005 9:48 AM
**To:**     jryan@lwelaw.com
**Subject:** Robinson Deposition

Joe:

I've got a deposition of Tim Ryan noticed for November 15th. My schedule has changed a bit and I can now do it on November 14th if that would be more convenient for him and you. If there is some other date that is more convenient than the 15th please let me know.

Thank you.

Irwin Schwartz
Petrie | Schwartz LLP
500 Boylston Street, Suite 1860
Boston, MA 02116
617.421.1800 (phone)
617.421.1810 (fax)
ischwartz@petrieschwartz.com

The information contained in this communication is confidential and should be considered to be attorney work product and/or attorney-client privileged. This communication is the property of Petrie Schwartz LLP and is intended only for the use of the addressee. If you are not the intended recipient, please notify the sender, delete the message, and note that any distribution or copying of this message is prohibited.

ATTACHMENT 3

# PETRIE | SCHWARTZ LLP

IRWIN B. SCHWARTZ
ischwartz@petrieschwartz.com

November 18, 2005

By Facsimile

Joseph F. Ryan
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210

Re:  *iRacing Motorsport Simulations, LLC v. Tim Robinson et al.*
     Civ. No. 05-11639-NG (D. Mass.)

Dear Mr. Ryan:

Pursuant to Massachusetts District Court Local Rule 37.1, I hereby demand a meet and confer regarding your clients failure to produce the contents of his home computer and server at USA Mobility in response to our document request.

Very truly yours,

Irwin B. Schwartz

IBS/kh

ATTACHMENT 4

www.petrieschwartz.com
Denver, Boston, San Jose

500 Boylston Street, Suite 1860, Boston, Massachusetts 02116
Main 617 421.1800    Facsimile 617 421.1810

## Joseph F. Ryan

**From:**        Tim Robinson [swdiecast@ow-racing.com]
**Sent:**        Tuesday, October 18, 2005 1:59 AM
**To:**          'Joseph F. Ryan'
**Subject:**     Response_to_Interrogatories_101705

    

Response_to_Inter  iRacing_emails1017
rogatories_10...     05.zip (862 ...

Mr Ryan,

Attached please find my response to the interrogatories.  Email correspondence with
iracing/FIRST is also attached as a zip file.  It contains all emails that I have from or
to FIRST.

Please let me know if you have any questions.

Tks,

Tim Robinson
www.ow-racing.com

ATTACHMENT 5

**Joseph F. Ryan**

| | |
|---|---|
| **From:** | Tim Robinson [swdiecast@ow-racing.com] |
| **Sent:** | Wednesday, November 09, 2005 11:39 AM |
| **To:** | 'Joseph F. Ryan' |
| **Subject:** | iRacing v OW-Racing |

Mr Ryan,

My apologies.

I have been out of pocket for the past couple weeks due to work and other things.

— REMAINING TEXT OMITTED —

ATTACHMENT 6

**D F**

## The Commonwealth of Massachusetts

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512   150007049

Filing Fee: $125.00
Late Fee: $25.00

### Annual Report for Domestic
### and Foreign Corporations
#### (General Laws Chapter 156D Section 16.22; 950 CMR 133.56)

FORM MUST BE TYPED                                    FORM MUST BE TYPED

(1) The exact name of the corporation is  Estate Resources Management, Inc.   650645889

(2) The corporation is organized under the laws of  Florida

(3) The street address of the corporation's registered office in the commonwealth is:
    301 Yamato Road, Suite 2200, Boca Raton, FL 33431
                                   *(number, street, city or town, state, zip code)*

(4) The name of the registered agent at the registered office is  Ms. Lucinda Treat

(5) The street address of the corporation's principal office is:
    4 Yawkey Way, Boston, MA 02215
                                   *(number, street, city or town, state, zip code)*

(6) Provide the name and business addresses of the corporation's board of directors and its president, treasurer and secretary, and
    if different, its chief executive officer and chief financial officer.

| | NAME | ADDRESS |
|---|---|---|
| President: | | |
| Treasurer: | Edwin B. Twist | 301 Yamato Road, Suite 2200, Boca Raton, FL 33431 |
| Secretary: | | |
| Chief Executive Officer: | | |
| Chief Financial Officer: | | |
| Directors: | John W. Henry | 301 Yamato Road, Suite 2200, Boca Raton, FL 33431 |

(7) Briefly describe the business of the corporation:
    Domestic maintenance

(8-9) The capital stock of each class and series

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS _Number of Shares_ | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|
| COMMON: | 1,000 | 100 |
| PREFERRED | | |

(10) Check if the stock of the corporation is publicly traded. ☐

(11) Date of the fiscal year end is  12/31/04
                                   *(month, day, year)*

Signed by  *Edwin B. Twist*
                                   *(signature of authorized individual)*

*(Please check appropriate box:)*

☐ Chairman of the Board of Directors   ☐ Incorporator   ☒ Other Officer   ☐ Court Appointed Fiduciary

on this  1 - 6 - 05  day of  January   of  2005

156d1822 8/23/04

ATTACHMENT 7 A





**ABOUT JWH**

---

**PRINCIPALS OF JWH**

---

**Mr. John W. Henry** is chairman of the JWH Board of Directors and is trustee and sole beneficiary of the John W. Henry Trust dated July 27, 1990. He is also a member of the JWH Investment Policy Committee. In addition, he is a principal of Westport Capital Management Corporation, Global Capital Management Limited, and JWH Investment Management, Inc., all affiliates of JWH. Mr. Henry oversees trading program design and composition, reviews and approves research and system development proposals prior to implementation in trading, reviews and approves of decisions involving the strategic direction of the firm, and discusses trading activities with trading supervisors. JWH's corporate officers, rather than Mr. Henry, manage JWH's day-to-day operations. Mr. Henry is the exclusive owner of certain trading systems licensed to Elysian Licensing Corporation, a corporation wholly owned by Mr. Henry, and sublicensed by Elysian Licensing Corporation to JWH and used by JWH in managing client accounts. Mr. Henry conducts his business responsibilities for JWH from Boca Raton, Florida and Boston, Massachusetts.

Mr. Henry has served on the Boards of Directors of the Futures Industry Association (FIA), the National Association of Futures Trading Advisors (NAFTA), and the Managed Futures Trade Association, and has served on the Nominating Committee of the National Futures Association (NFA). He has also served on a panel created by the Chicago Mercantile Exchange and the Chicago Board of Trade to study cooperative efforts related to electronic trading, common clearing, and issues regarding a potential merger. Since the beginning of 1987, he has devoted, and will continue to devote, a substantial amount to time to business other than JWH and its affiliates. From January, 1999 until February, 2002, Mr. Henry was chairman of the Florida Marlins Baseball Club LLC. Since February, 2002, Mr. Henry is Principal Owner of New England Sports Ventures, LLC, which owns the Boston Red Sox baseball team, New England Sports Network, and certain real estate, including Fenway Park. He holds comparable positions with the individual business entities engaged in these activities. Mr. Henry is regularly involved in the businesses of the LLC with professional management of the Red Sox (including its president and chief executive officer) and of the other LLC entities.

**Mr. Mark H. Mitchell** is vice chairman, counsel to the firm and a member of the JWH Board of Directors. His duties include the coordination and allocation of responsibilities among JWH and its affiliates. Before joining JWH in January 1994, he was a partner at Chapman and Cutler in Chicago, where he headed the law firm's futures law practice from 1983 to 1993. He also served as general counsel of the MFA and general counsel of NAFTA.

Mr. Mitchell is currently the vice chairman and a director of the MFA and a member of the NFA CPO/CTA Advisory Committee. In addition, he has served

ATTACHMENT 7 B