UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company, | : : : | Civil Action No. 05-11639 NG |
| Plaintiff, | : : | |
| v. | : : | MOTION TO COMPEL AND FOR SANCTIONS |
| TIM ROBINSON, individually and d/b/a www.ow-racing.com, www.torn8oalley.com and www.First-Racing-Sucks.com, | : : : : | |
| Defendant. | : | |

Notwithstanding two sets of document productions, defendant Tim Robinson ("Robinson") failed to produce critical software files and notes that reflect the software programming work that he admittedly undertook to create the software applications at issue in this action.[1] Accordingly, iRacing.com Motorsport Simulations, LLC's ("iRacing") respectfully moves this Court pursuant to Fed. R. Civ. P. 37(c)(1), 37(a)(4), and LR 37.1 to: (a) compel Robinson to produce documents in response to the Discovery Request and (b) sanction Robinson and award iRacing the attorneys' fees and costs it incurred in attempting to obtain Robinson's responses.

I. **This Court Should Compel Robinson To Produce Missing Software Files And Developer Notes**

A motion to compel is appropriate where a party fails to properly respond to document requests. Fed. R. Civ. P. 37(a)(2)(B). In such a case, "the court in which the

---

[1] iRacing attaches a true and correct copy of the December 13, 2005 letter as Exhibit A (the "Discovery Request").

action is pending on motion may make such orders in regard to the failure that are just" and "shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d); see also Fed. R. Civ. P. 37(a)(4).

Robinson failed, without justification, to produce all responsive documents to the Discovery Request. Specifically, the Discovery Request sought, among other things:

    1)    All files created and/or distributed by Robinson that work with or modify NR2003;

    2)    Source code (high-level language, assembly, or binary (hex)) of any program modifications developed by Robinson or others that were incorporated into Robinson's "mod";

    3)    Source code, configuration files, and executables for programs created or used by Robinson to patch NR2003.exe (other than commercial products such as UltraEdit);

    4)    Specific patch data for "mods" of NR2003 distributed by Robinson, whether developed by Robinson or received from third parties . . . and

    8)    Source code for the NO-CD executable.

    2.    On December 30, 2005, Robinson served iRacing with a written response to the Discovery Request and responded as follows:[2]

---

[2] iRacing attaches a true and correct copy of the December 30, 2005 Response as Exhibit B, which was served late.

> 1) *Robinson will produce copies of whatever file have not already been made available.*
>
> 2) *Robinson does not have access to iRacing's source code and did not create source code.*
>
> 3) *Robinson did not have access to the source code. Robinson does not believe he has anything beyond what is being produced in response to item #1. None of the files that Robinsons created changed anyone's config files.*
>
> 4) *If this is requesting something beyond what is being produced in response to item #1, Robinson requests a clarification of what is the meaning of "patch data."*
>
> 8) *Robinson has no source code.*

On January 10, 2006, Robinson produced seventeen CDs in response to the Discovery Request. Nine of the CDs (labeled Replay Discs 1-9) included data on replayed NASCAR 2003 games. Five of the CDs (labeled Track Discs 1-5) include data on NASCAR 2003 tracks. One CD includes the final zipped-version of the actual software zip file at issue in this litigation, labeled OWR2K5v1.0.0.1. The final two CDs are labeled "Export_Disc_1" and "iRacing Beta Files."

Robinson's production is wholly inadequate with respect to Discovery Request items 1, 2, 3, 4, and 8.[3] Indeed, as set forth in detail in the Affidavit of iRacing Vice President of Operations and Production Steve Myers ("Myers") submitted herewith

---

[3] iRacing reserves the right to seek to compel production of documents or continue Robinson's deposition with respect to the balance of the Discovery Request.

("Myers Aff."), it is inconceivable that Robinson could have undertaken the work necessary to create the OWR2K5v1.0.0.1 file through multiple trial-and-error iterations without generating by-product files containing raw data and/or source code. Myers Aff. ¶ 4. Indeed, the subject OWR2k5_v1.0.0.1.zip file, is "zipped" and, as a matter of its operation, requires instructions and commands to operate. The file containing such commands and instructions was not included within Robinson's seventeen produced CDs. Myers Aff. ¶ 5. Likewise, Robinson's application installs OWR05.exe, which is a modification of the NR2003.exe file contained in NASCAR Racing 2003 Season, but his production includes none of the files or documents generated through the complex process to create this type of file. Myers Aff. ¶ 6.

Indeed, according to Robinson himself, he used a hex editor for his trial-and-error process to create OWR2k5_v1.0.0.1.zip, and, as a matter of necessity, he must have kept notes and documentation during the trial and error process, none of which he produced. Myers Aff. ¶ 7. Moreover, it would have been virtually impossible for Robinson to hex-edit the NASCAR 2003 software without specific knowledge of exactly which values to change, yet Robinson produced no documentation of how he gained the knowledge to do so or what exact values he edited. Myers Aff. ¶ 7.

Accordingly, this Court should order Robinson to produce the files requested in items 1, 2, 3, 4, and 8 of the Discovery Request. See In re Admin. Subpoena Blue Cross Blue Shield, Inc., 400 F.Supp.2d 386, 393 (D. Mass 2005) (granting motion to compel and ordering defendants to produce documents); Creative Solutions Group, Inc. v. Pentzer Corp., 199 F.R.D. 443, 444-5 (D. Mass 2001) (granting motion to compel defendant to produce documents, sanctioning defendant for failing to produce

documents, and awarding costs to plaintiff); In re Lupron Mktg. & Sales Practices Litig., 2004 WL 764454, at *1 (D. Mass. Mar. 17, 2004) (allowing motion to compel the production of certain documents which not produced in response to initial discovery requests).

Further, this Court can and should penalize Robinson for failing to adequately respond to the Discovery Request. See Fed. R. Civ. P. 37(c)(1); Bilrite Corp. v. World Rd. Markings, Inc., 202 F.R.D. 359, 363 (D. Mass. 2001) (allowing plaintiff to introduce evidence at trial, fining defendant, and ordering defendant to pay costs, including attorney's fees for initial false and misleading disclosures). The trier of fact generally may receive the fact of a document's non-production or destruction as evidence that the party which has prevented production did so "out of the well-founded fear that the contents would harm him." Jackson v. Harvard Univ., 721 F. Supp. 1397, 1408-9 (D. Mass. 1989) ("The failure or refusal to produce a relevant document, or the destruction of it, is evidence from which alone its contents may be inferred to be unfavorable to the possessor, provided the opponent, when the identity of the document is disputed, first introduces some evidence tending to show that the document actually destroyed or withheld is the one as to whose contents it is desired to draw an inference.")

Here, this penalty should take two forms: (1) iRacing should be allowed to present evidence of false and misleading initial disclosures on summary judgment and at trial, and (2) Robinson should be required to pay the reasonable costs, including attorney's fees, incurred by iRacing which were caused by the false and misleading initial disclosures. Fed. R. Civ. P. 37(c)(1). Robinson's failure to produce the requested files and data, or the destruction of it, is evidence which should be admitted to infer to

be unfavorable to Robinson, as such files and data would clearly provide further evidence of Robinson infringing on iRacing's copyrights.

WHEREFORE, iRacing respectfully requests that this Court enter its Order:

A. Granting iRacing's motion to compel and for sanctions in all respects;

B. Directing Robinson to produce all source code, files or other by-products of Robinson's hex-editing of NASCAR 2003 as requested in the Discovery Request, without any objection, by no later than two weeks following the Court's order;

C. Permitting iRacing to present evidence of Robinson's false initial disclosures at trial;

D. Awarding iRacing all of its attorneys' fees and costs incurred in the Rule 37(a)(2)(A) and LR 37.1 processes, as well as those iRacing incurred and will incur in prosecuting this motion; and

E. Awarding such further and additional relief as the Court deems just and proper.

Dated: January 26, 2006

Plaintiff iRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company
By its attorneys,

 /s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
Michael G. Andrews (BBO# 663452)
Lisa Lee Jordan (Pro Hac Vice)
Petrie Schwartz LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800

6

## Certification Under LR 37.1(B)

I, Michael Andrews, attorney for Plaintiff iRacing.com Motorsport Simulations, LLC, hereby certify that I complied with Local Rule 37.1 as set forth above in that I conducted a discovery teleconference with defendant's counsel, which conference did not result in defendant providing overdue discovery responses or in any other way resolve the discovery disputes that are the subject of this motion to compel.

                                           ***/s/ Michael Andrews***
                                           Michael G. Andrews

## Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff iRacing.com Motorsport Simulations, LLC, hereby certify that on this 24th day of January 2006, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Joseph F. Ryan, Lyne Woodworth & Evarts LLP, 600 Atlantic Avenue, Boston, MA 02210, counsel for Defendant Tim Robinson.

                                           ***/s/ Irwin Schwartz***
                                           Irwin B. Schwartz