UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iRACING.COM MOTORSPORT SIMULATIONS LLC, ) <br> a Delaware Limited Liability Company, Plaintiff ) <br> ) <br> V. ) <br> ) <br> TIM ROBINSON, individually and d/b/a ) <br> www.ow-racing.com and www.torn8oalley.com, ) <br> and www.first-racing-sucks.com ) <br> ) <br> Defendant ) | Civil Action No. <br> 05-11639 NG |

---

DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS

Prior Relevant Proceedings

     Defendant Robinson filed a Motion to Dismiss, on the grounds of lack of jurisdiction and improper venue. Plaintiff iRacing filed an Opposition to the Motion. At the hearing on the Motion, Plaintiff submitted additional bench memoranda and additional cases in support of its Opposition. Robinson requested, and the Court has granted, leave to file a supplemental memorandum.

Summary of Supplemental Argument

     Robinson is a resident of Texas. He has not been to Massachusetts in twenty years, has no assets here, and has not engaged in any business dealings here. As demonstrated in Defendant's initial Memorandum in support of his Motion to Dismiss, clearly the Court lacks "general jurisdiction" over Robinson.

The remaining question is whether it would be appropriate for this Court to assert "specific jurisdiction" over Robinson, on account of his maintaining web sites hosted on file servers physically located in Texas, on which previously was posted two files that plaintiff alleges violated provisions of plaintiff's predecessor's EULA. Robinson respectfully submits that in the totality of circumstances it would not be appropriate, and would unfairly prejudice Robinson, for this Court to exercise "specific jurisdiction." iRacing filed this action in Massachusetts. iRacing has never filed a Complaint against Robinson in California. For the reasons hereinafter articulated, Robinson respectfully submits that the case should be dismissed because (1) iRacing has filed it in knowing violation of iRacing's own choice of forum and choice of law provisions in its EULA, and (2) there is no specific jurisdiction over Robinson in Massachusetts, because the mere maintenance of a web site in Texas is not sufficient to meet the requirements of either the Massachusetts Long Arm Statute or the Due Process Clause.

Argument

    1.    The case should be dismissed because iRacing's filing of this action in Massachusetts is a bald case of "forum shopping" in knowing violation of the terms of its EULA

The EULA that iRacing alleges Robinson violates expressly provides that any action concerning it shall be brought in a California Court and is to be decided applying California law. It purports to be _mutually_ binding. If Robinson had filed an action against iRacing in Texas, no doubt iRacing promptly would assert its forum selection clause and move to dismiss the action. See Net2Phone, Inc. v. Superior Court, 135 Cal.Rptr2d 149 (2003) (private plaintiff bound by defendant's forum selection provision "just as defendant's customers would be bound had they

filed the action themselves."). iRacing wants this Court to read the choice of forum clause as binding only on Robinson and elective as to iRacing. IRacing's request is manifestly unjust.

It is no secret that iRacing prefers Massachusetts as a forum because the First Circuit's interpretation of copyright law is more favorable to it than in California. See <u>Riverdeep, Inc. v. SOMC Group, Inc.</u>, D. Mass. 9/13/2005 (Keeton, J.) (granting <u>defendant's</u> motion to transfer copyright infringement case, notwithstanding plaintiff's choice of forum provision). It is patently unfair to reward iRacing's blatant disregard of its own choice of forum and choice of law provisions with a forum more favorable to it.

iRacing's filing in Massachusetts is an attempt to circumvent scruitny under the standards for transfer of venue and unfairly to place the burden on Robinson to seek a transfer of venue. If iRacing had filed this action in California, in accordance with its own choice of law provision, and then wanted to remove the action to Massachusetts, iRacing would have had the heavy burden of justifying such a change of venue. It is a burden that iRacing could not possibly have met – convincing a California Court to ignore a California choice of forum provision and a California choice of law provision, and send the action to Massachusetts for a Massachusetts court to apply (or ignore the applicability of?) California law.

By iRacing ignoring its own California choice-of-forum provision and filing in Massachusetts, iRacing seeks to have this Court frame as the issue, and place the burden on Robinson to convince this Court as to "why should Robinson be entitled to a change of forum?" This is patently unfair, as the real issue, that should be addressed to iRacing and on which iRacing has the burden is, "what right did you have to ignore your own California choice-of-forum and choice-of-law provisions and unilaterally grant yourself a change of venue to Massachusetts?"

Because iRacing consciously elected to file this action in Massachusetts, in blatant disregard of its own choice of forum and choice of law provisions, the case should be dismissed, and iRacing required to re-file elsewhere. If iRacing had abided by its own EULA and filed in California, Robinson would be entitled to contest jurisdiction there on the basis that the EULA's choice of forum provision is unjust and unreasonable as to him, a Texas resident, because of overweening bargaining power or other recognized ground. Stewart Org'n, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988). The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). iRacing's conscious decision to file in Massachusetts in disregard of its choice of forum and choice of law provisions should not be allowed to prejudice Robinson's right to contest jurisdiction in California. If this Court were to transfer this case to California, the California Court may interpret this Court's action as having decided that the EULA choice of law provision is enforceable against Robinson under California law. That would be unfair to Robinson.

There is no issue with a statute of limitations about to run, and there is no issue that Robinson presently is posting any infringing files. To avoid any possibility of prejudice to Robinson's right to assert all of his defenses in any other forum, the fairest result is for this Court to dismiss iRacing's present action without prejudice to iRacing's right to re-file its action elsewhere.

2. There is no specific jurisdiction over Robinson in Massachusetts, because the mere maintenance of a web site in Texas is not sufficient to meet the requirements of either the Massachusetts Long Arm Statute or the Due Process Clause.

"Personal jurisdiction implicates the power of a court over a defendant." In order to obtain specific personal jurisdiction in this case, the plaintiff must satisfy two conditions: (1) the

Massachusetts long-arm statute must grant jurisdiction over each defendant, and (2) the exercise of jurisdiction must comport with Constitutional Due Process. See <u>Foster-Miller v. Babcock & Wilcox Canada,</u> 46 F.3d 138, 143, 144 (1st Cir. 1995). <u>United Elec. Wkrs v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080 at ¶ 21 (1st Cir. 1992).

  a. *There is no jurisdiction under the Massachusetts Long-arm Statute.*

As Robinson is not conducting any business in Massachusetts, the relevant portions of the Massachusetts long-arm statute provide:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (c) causing tortious injury by an act or omission <u>in</u> this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth <u>if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;</u>
>
> . . . . .

Mass. Gen. Laws ch. 223A § 3 (emphasis supplied).

Section 3(c) cannot serve as the basis for exercising jurisdiction, because Robinson has not committed an act or omission "in this commonwealth." Whatever his "acts" may have been, they all occurred in Texas. Permitting an Internet site to reside on a file server is not the equivalent of "mail." Internet mail has names – "email" and "spam." Robinson did not send anything into this commonwealth. If anyone in this commonwealth wanted to acquire any information from Robinson's web site (and there is no evidence that anybody other than plaintiff did so), they had to affirmatively reach out to Robinson's file server in Texas to retrieve it. Further, the close proximity in the statute of subsection (d) makes abundantly clear that

subsection (c) was not intended to cover situations where something is sent into the commonwealth.

Section 3(d) cannot serve as the basis for exercising jurisdiction, because even if he "caused tortious injury in this commonwealth by an act or omission outside this commonwealth" the remaining conditions for application of this section are not met: Robinson does not "regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered <u>in this commonwealth.</u>" (Emphasis supplied).

b. *Assertion of jurisdiction over Robinson in Massachusetts would violate the Due Process Clause.*

iRacing argues that it is harmed in Massachusetts by Robinson's web site in Texas, because iRacing is located here (although incorporated elsewhere and not located in Massachusetts until June 2005 and although it is assignee of a California entity whose rights it seeks to enforce) . If this were all that were needed to assert jurisdiction, then Robinson could be subjected to jurisdiction in Massachusetts even if he did not have any web site but instead published the offending material in the local Plano, Texas newspaper, circulation 1,000, as any harm from that publication in a local Texas town newspaper also presumably "harmed" iRacing in Massachusetts.   But it can hardly pass constitutional muster to hale someone into court in a faraway forum based upon such local activity.  See <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797 (9th Cir. 2004) (no jurisdiction in California under "effects/purposeful direction test" for unauthorized use of photo in Ohio ads).

Carried to its logical extreme, iRacing could assert jurisdiction in Massachusetts, or anyplace else in the country over anybody anywhere for any violation of its copyright or EULA. Blackburn v. Walker Oriental Rug Galleries, Inc., 999 F.Supp. 636 (1998) (defendant copied plaintiff's web site); Molnlycke Health Care v. Dumex Med. Surgical Prod., 64 F.Supp.2d 448 (E.D. Pa. 1999) (No jurisdiction in patent infringement case in Pennsylvania over Canada-based defendant even though site was interactive and defendant advertised in Pennsylvania.)

Technological developments have not displaced the holding in International Shoe Co. V. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) that to meet the requirements of "due process" a person may be said to be "found" in this district only if they meet a "minimum contacts" test such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." "Due process" requires that the defendant's conduct with the forum state be such that s/he should "reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. V. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Further, it is essential "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of [the forum state's] laws." Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In the context of a breach of contract case, the First Circuit articulated a tripartite test for ascertainment of specific jurisdiction.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third. the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Wkrs v. 163 Pleasant St. Corp., 960 F.2d 1080 at ¶ 35 (1st Cir. 1992).

First, in maintaining web sites in Texas it is fiction to suggest that this constituted activity by the defendant in any state but Texas. Second, if and when someone in the world should reach out to communicate with the file server in Texas hosting Robinson's web site, it likewise is fiction to say that Robinson thereby purposefully availed himself of the privilege of conducting activities from wherever in the world that "someone" communicated to the Texas file server. Thus, when a website displays an infringing mark, the reality is that the tort is committed in the state where the website is created and/or maintained. Telebyte, Inc. v. Kendaco, Inc., 105 F.Supp.2d 131 (D.C.N.Y.2000). Citigroup Inc. v. City Holding Co., 97 F.Supp.2d 549, 567 (D.C.N.Y. 2000).

Nor can it fairly be said that a Texas resident should reasonably anticipate being haled into court in Massachusetts for violating a EULA containing a California choice of forum and a California choice of law provision.

c. *Cases from other jurisdictions routinely require more than the existence of infringing material on a web site in order to meet the requirements of Due Process.*

Courts understandably have had to wrestle with the impact of the internet upon jurisdiction and venue. Early cases holding that establishment of a website by itself was sufficient to assert jurisdiction in any forum where the website could be reached largely have been discredited. See, e.g., Fix My PC v. N.F.N. Assocs., Inc., 48 F.Supp.2d 640 (N.D. Tex. 1999) (no jurisdiction based on passive web site and toll free number); Benusan Rest. Corp. V. King, 937 F.Supp. 295, 299 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997).

In <u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997), the court set out a sliding scale test, which many courts subsequently have utilized. At one end of the sliding scale, personal jurisdiction exists because the defendant "clearly does business over the Internet." <u>Id</u>. at 1124. At the other end of the sliding scale, where a defendant merely posts information on a website which is accessible to users, personal jurisdiction does not exist. <u>Ibid.</u> In between the two ends of the sliding scale are "interactive" websites that permit the exchange of information between the website and the user, and whether jurisdiction is proper is "determined by examining the level of interactivity and commercial nature of the exchange of information that occurs in the web site." <u>Ibid.</u>

Applying the <u>Zippo</u> tests, the websites about which iRacing complains are not such that would permit Massachusetts to assert jurisdiction over them. iRacing's complaint is that Robinson posted two files that were accessible to others. Merely posting information on a website that is accessible to others clearly does not give rise to assertion of jurisdiction under the <u>Zippo</u> test. And to the extent there can be said to be any "interactivity" as Robinson's websites offer nothing for sale, they clearly are not of a "commercial nature" and hence would not justify asserting jurisdiction even applying <u>Zippo's</u> "interactivity" test.

Even when defendants have posted infringing materials on web sites and clearly have been "doing business" over the internet, courts still have held that the extent of business conducted in the forum state must be more than nominal in order to justify assert jurisdiction. That is in keeping with traditional due process principles, as some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if "their nature and quality and the circumstances of their commission create only an 'attenuated' affiliation with the forum." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476 n. 18 (1985).

Thus, jurisdiction was found lacking over a South Carolina defendant in a trademark infringement case by an Oregon court where defendant sold infringing music through an internet site, but the only sale in Oregon was to an acquaintance of plaintiff's counsel. Millenium Enterprises, Inc. v. Millenium Music, LP, 33 F.Supp.2d 907 (D.Or. 1999): "The fact that someone who accesses defendants' web site can purchase a compact disc does not render defendants' actions "purposefully directed" at this forum." Id. at 921. And maintenance of a website and sales of infringing forms to two customers in the forum state were not sufficient contacts to warrant exercising specific personal jurisdiction in an action for trademark infringement. Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., 301 F.Supp.2d 545 (D. Va. 2004).

Internet activities involving one or a few business transactions are distinguishable from commercial activity via the internet that is "substantially more regular and pervasive." Machulsky v. Hall, 210 F.Supp.2d 531, 539 (D.N.J.. 2002). In the case where there are only isolated business transactions, the Due Process Clause protects a defendant against being subject to the binding judgments of a forum with which the defendant has established no meaningful "contacts, ties or relations." Ibid., quoting from Burger King, supra, 471 U.S. at 471-72. At a minimum, it is clear that operators of internet businesses remain entitled to the protections of the Due Process Clause with respect to the assertion of personal jurisdiction. Winfield Collection, Ltd. v. McCauley, 105 F.Supp.2d 746, 751 (E.D. Mich. 2000).

In Winfield, a copyright infringement case, the Michigan plaintiff sought to assert jurisdiction over the Texas defendant based upon defendant's offering infringing product on an internet site and making two sales to Michigan residents over Ebay. The court held that it could not be said that the defendant "purposefully availed herself" of the privilege of doing business in

Michigan based on the isolated Ebay auction sales. As regards her maintaining a website, the court found Zippo's distinction between actively managed and less actively managed websites to be not entirely clear, but concluded that "the ultimate question can still as readily be answered by determining whether the defendant did, or did not, have sufficient 'minimum contacts' in the forum state. Id. at 750. The court took "notice that almost all commercial websites can be accessed from anywhere a computer can be connected to an Internet service, such as America Online, and that this includes almost every place in the United States (and probably far beyond) . . . ." Ibid. As plaintiff had presented no evidence that defendant's interactive Internet website had resulted in the development of any substantial customer base in Michigan, the court held that it had no jurisdiction and allowed defendant's motion to dismiss.

In Butler v. Beer Across America, 83 F.Supp.2d 1261 (N.D. Ala. 2000) a single internet sale into forum state did not constitute continuing relationship to warrant exercising personal jurisdiction). In S. Morantz, Inc. v. Hang & Shire Ultrasonics, Inc., 79 F.Supp.2d 537 (E.D. Pa. 1999), a trademark infringement suit, based on defendant's interactive web site, the court declined to exercise jurisdiction over defendant who had entered into only a small number of transactions with the forum state and was not targeting the forum state. See also ESAB Group v. Centricut Inc., 126 F.3d 617, 625-26 (4th Cir. 1997).

Indeed, iRacing has produced no evidence that any Massachusetts residents even have accessed Robinson's websites, other than iRacing itself. iRacing has not been harmed by its viewing or copying files on Robinson's website. See Millenium, supra, 33 F.Supp..2d at 911 (It was an act of someone associated with plaintiff, rather than defendants' web site advertising, that brought defendants' product into this forum"). Mallinckrodt Med. Inc. v. Sonus Pharm., Inc., 989 F.Supp. 265 (D.D.C. 1998) (Defendant's posting of a message that plaintiff's product would infringe a patent was not directed toward plaintiff's forum and therefore not sufficient for personal jurisdiction).

    d. *Case law in this Federal District is not inconsistent with decisions from other Districts*

Cases in this District similarly demonstrate that something more than the mere existence of infringing material sitting on a foreign website is required. Thus, in <u>Digital Equipment Corp. v. Altavista Tech., Inc.</u>, 960 F.Supp. 456 (D. Mass. 1997), the "something more" was a contract between two corporations of equal bargaining power concerning their commercial activities on the Internet, in which both parties agreed that Massachusetts law would apply to its provisions, and defendant actively was soliciting business and had made sales to at least three Massachusetts residents. <u>Id.</u> at 463.

In <u>Northern Light Technology V. Northern Lights Club,</u> 97 F.Supp.2d 96 (D. Mass. 2000), the District Court held that jurisdiction existed under the Massachusetts Long Arm Statute against defendant, a cybersquatter, based in part on the fact that plaintiff had a colorable claim of infringement. However, the court also took into account that "several points indicate the Defendants plainly intended to market their new venture, www.northernlights.com, in Massachusetts.

> First, Burgar said he wanted Massachusetts residents to use his new business model . . . . Second, the site itself, which is accessible throughout Massachusetts, invites users to inquire about both being listed at the site and advertising on the site. Third, in correspondence with Virginia Winston, Burgar solicited Northern Light: "However, we DO have a business model demonstration in the works using specific domain names you will likely want to take advantage of." (Burgar email to Winston Mar. 2, 1999, Winston Aff. Ex. A.) Given entrance of the allegedly infringing material into Massachusetts, the Defendants' knowledge of its potentially infringing nature, and their goal of doing business with Massachusetts residents, § 3(c) is satisfied.

On appeal, however, the Court of Appeals did not adopt the District Court's reasoning. 236 F.3d 57 (1st Cir. 2001). It chose to avoid confronting the issue of whether jurisdiction properly could be exercised under the Long Arm Statute on the grounds articulated by the District Court. Instead, it took "the long route around" the issue and decided the jurisdiction issue on a ground not addressed by the District Court. The Court held that jurisdiction existed under the

doctrine of "transient jurisdiction" because the defendant had been personally served while present in the Commonwealth. Id. at 63. "Based on this determination, we need not reach the alternate bases for personal jurisdiction discussed in the district court's opinion." Id. at 64. The fact that the Court of Appeals chose a different ground for jurisdiction is indicative that the Court was troubled with the grounds articulated by the District Court. The jurisdictional facts in the present case are much weaker than in Northern Light.

e. *The cases submitted by iRacing at the hearing do not compel a different result*

The cases submitted by iRacing at the hearing do not support jurisdiction. At the hearing, iRacing submitted the case of Purcell LLP v. Recordon & Recordon, 361 F.Supp.2d 1135 (N.D. Cal. 2005) in which a law firm in San Diego had copied and was using material from the plaintiff law firm's website. There was no question that the California Court had personal jurisdiction over the defendant, because, as the Court noted, the defendant was a California law firm, and the Court for the Northern District of California has the power to hear a case against a defendant who resides anywhere in California. Id at ¶ 1. The issue in the case was whether the Northern District was an improper venue, which turned on whether the court would have personal jurisdiction over defendant if the Northern District were a separate state. Id at ¶ 2. The District Court relied heavily on Columbia Pictures TV v. Krypton Bdcstg of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997). In the Columbia Pictures case, the defendant had engaged in wide-ranging contract-related contacts with Columbia in California that amounted to "purposeful availment." Id. at ¶ 11. The court applied the "effects" test established in Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 LO.Ed.2d 804 (1984). In Calder, the defendant published an allegedly libelous article aimed specifically at a resident of California; California was the focal point both of the story and of the harm suffered. Id., 465 U.S. at 789. Applying this test, the court found that the defendant R & R purposefully directed its activities at forum residents ("it is not inconceivable that a

consumer in this District might see R & R's website and decide to retain R & R as counsel") and that the burden on defendant R & R to defend in the Northern District rather than the Southern District was minimal. Id. at ¶ 3. Even so, the court noted that defendant's

> position is not without force. Cf. IMO Indus. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998) ("Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement [of express aiming]. The defendant must "manifest behavior" intentionally targeted at and focused on" the forum for Calder to be satisfied.")

The *sine qua non* of personal jurisdiction under the Calder effects test is the intentional targeting of a particular forum. Thus, cases involving infringement that are not specifically directed at residents of a forum state do not meet the Calder "effects test." Compare Cybersell Inc. v. Cybersell Inc., 130 F.3d 414 (9th Cir. 1997) (trademark infringement by use of registered name on passive website not sufficient to create jurisdiction under "effects test") with Panavision Intern, L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998) (jurisdiction appropriate where defendant registered plaintiff's name to force plaintiff to pay money). Infringement alone is not sufficient to create jurisdiction in the owner's home state. "Creating a web site may be felt nation or even world wide, but without more, it is not an act purposefully directed toward the forum." Blackburn v. Walker Oriental Rug Galleries, supra, 999 F.Supp. at 639.

Unlike the defendant law firm in Brayton, Robinson was not looking for customers and was not looking to turn a profit. Unlike the defendant in Panavision, Robinson was not looking for money from iRacing. Nor were Robinson's websites expressly aimed at any particular state; they did not intentionally target or focus on Massachusetts. Further, the burden of Robinson, residing in Texas, having to defend himself in Massachusetts obviously is substantial.

In the other case submitted by iRacing at the hearing, Thomas Jackson Publishing, Inc. v. Buckner, 625 F.Supp. 1044 (D. Neb. 1985) the Georgia defendant's copyright infringing sheet music and phonograph recordings were regularly being offered for sale throughout the State of Nebraska and were being broadcast on Nebraska stations. The court held that this met the

"minimum contacts" test to assert personal jurisdiction. Robinson was offering nothing for sale and was not distributing anything within Massachusetts.

Conclusion

Upon the foregoing points and authorities, the defendant Tim Robinson respectfully submits that plaintiff has failed to demonstrate that jurisdiction exists under the Massachusetts Long Arm Statute, or that exercising jurisdiction would not violate the Due Process Clause. As plaintiff has filed this action in conscious disregard of its own EULA provision, Robinson requests that this action be dismissed, without prejudice to iRacing's right to file this action elsewhere. If the Court is not willing to dismiss the case, Robinson respectfully requests that the case be transferred to a California Court.

By his attorneys,

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com