UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company, | : | Civil Action No. 05-11639 NG |
| Plaintiff, | : | |
| v. | : | REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT |
| TIM ROBINSON, individually and d/b/a www.ow-racing.com, www.torn8oalley.com and www.First-Racing-Sucks.com, | : | |
| Defendant. | : | LEAVE TO FILE GRANTED ON 2/12/08 |

As set forth in its moving brief, iRacing.com Motorsport Simulations, LLC ("iRacing") demonstrated that the significant bulk of this case is properly determined on summary judgment because: (1) Defendant Tim Robinson ("Robinson") distributed at least three derivative versions of the NASCAR® Racing 2003 Season ("NASCAR® 2003") software program, the copyrights to which are owned by iRacing; (2) there can be no dispute that Robinson breached the End User License Agreement ("EULA") that he agreed to when he installed the NASCAR® 2003 software - Robinson openly admits that he created and distributed these versions without iRacing's authorization and does not dispute that this conduct is barred by the EULA; and (3) there can be no dispute that Robinson agreed to the terms of a Confidential Disclosure Agreement ("CDA") in December 2004 and therefore the CDA is enforceable against Robinson.[1]

---

[1] Robinson does not dispute these points, but instead raises a litany of immaterial purported factual disputes that do not preclude summary judgment. (See Def.'s Memo. in Opp. to Pl.'s Mot. for Summ. J. (Docket No. 73 ("Robinson Memo.") at 1-5)). Pedicini v. U.S., 480 F. Supp. 2d 438, 450 (D. Mass. 2007) ("The existence of 'some alleged factual dispute' between the parties will not defeat an otherwise properly supported motion for summary judgment - the requirement is that there be 'no *genuine* issue of *material*

In his opposition, Robinson argues that the EULA is unenforceable as a matter of law because it was "hidden inside the NASCAR 2003 Game." (Robinson Memo. at 8-12). However, Robinson's latest attempt to avoid liability for his misconduct is just wrong on the law in both Massachusetts and California. Indeed, under Massachusetts law, end user license agreements included within the software packaging itself, but not disclosed on the outside of the box – often called "click-wrap" agreements – are wholly enforceable as a matter of law. i.Lan Sys., Inc. v. Netscout Serv. Level Corp., 183 F. Supp. 2d 328, 336-38 (D. Mass. 2002) (Young, C.J.)(performing a thorough analysis of this issue and finding that click-wrap license agreements are both enforceable and a practical way to form software contracts).

In i.Lan, the defendant asserted the same argument that Robinson sets forth here – that the click-wrap agreement was not enforceable because the defendant had already paid for the software at the time he agreed to the terms of the EULA. 183 F. Supp. 2d at 338 (referring to this argument as "money now, terms later"). Ultimately, Judge Young rejected this argument, enforcing the click-wrap agreement because the defendant accepted the terms:

> First and foremost, the Court agrees with those cases embracing the theory of [ProCD, Inc. v. Zeidenberg, 86 F.3d 1447, 1450-52 (7th Cir. 1996)], *e.g.*, 1-A Equipment Co. v. ICode, Inc., No. 0057CV467, 2000 WL 33281687 (Mass. Dist. Nov. 17, 2000) (Winslow, J.). The UCC "shall be liberally construed and applied to promote its underlying purposes and policies," which include "the continued expansion of commercial practices through custom, usage and agreement of the parties." UCC § 1-102, Mass. Gen. Laws ch. 106, § 1-102. "Money now, terms later" is a practical way to form contracts, especially with purchasers of software. If ProCD was correct to enforce a shrinkwrap license agreement, where any assent is implicit, then it must also be correct to enforce a clickwrap license

---

fact'") (*quoting* Mulloy v. Acushnet Co., 460 F.3d 141, 145 (1st Cir. 2006) (affirming summary judgment for plaintiff)). Herein, iRacing does not address these immaterial issues, but seeks to address only one issue of law - whether the EULA was binding on Robinson.

> agreement, where the assent is explicit. To be sure, shrinkwrap and clickwrap license agreements share the defect of any standardized contract-they are susceptible to the inclusion of terms that border on the unconscionable-but that is not the issue in this case. The only issue before the Court is whether clickwrap license agreements are an appropriate way to form contracts, and the Court holds they are. In short, i.LAN explicitly accepted the clickwrap license agreement when it clicked on the box stating "I agree."

183 F. Supp. 2d at 338.

Similarly, the Eastern District of California recently performed a careful examination of this same issue and found that the relevant click-wrap license agreement was not rendered invalid merely because the defendant purchased the software and only received the agreement after opening the software packaging. Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC, 426 F. Supp. 2d 1101, 1106-07 (E.D. Cal. Apr. 6, 2006) (granting licensor's motion for summary judgment in relevant part). The Meridian Court also adopted the reasoning of ProCD, weighing the policy considerations of the software industry, finding that only a minority of software sales take place over the counter, where there are boxes to peruse - rather, most purchases are made over the Internet by consumers who have never seen a box. Meridian, 426 F. Supp. 2d at 1107 (*citing* ProCD, 86 F.3d at 1451-52). "As such, the reality of the industry lends little support to the argument that the license should not be enforceable because the consumer was not able to read the license on the box before buying the product." Meridian, 426 F. Supp. 2d at 1107 (*citing* ProCD, 86 F.3d at 1451-52). The Meridian Court concluded:

> The EULA is not rendered invalid merely because defendant purchased the Prolog software and then received the EULA after opening the package. There is no dispute that defendant purchased licenses to use various versions of plaintiff's Prolog software. Defendant had notice of the EULA, and the EULA was included in the box containing the software and

3

> the user manual. Defendant does not dispute that it had an opportunity to return Prolog to Meridian if it did not agree to the EULA, but did not do so. Further, defendant never objected or sought an amendment to the terms of the EULA. Under these facts, this is not an unconscionable contract or a contract of adhesion. Therefore, Meridian's EULA may be an enforceable contract.

426 F. Supp. 2d at 1107 (internal citations omitted).

Here, the facts at hand are practically identical to those of i.Lan and Meridian. Robinson admits to purchasing a valid copy of the NASCAR® 2003 software at a retail store in Texas in 2003. (Aff. of Tim Robinson in Opp. to Pl.'s Mot. for Summ. J. ("Robinson Aff.") ¶ 2). He further admits that he installed NASCAR® 2003 on a computer and accepted the NASCAR® 2003 EULA, including its prohibitions on reverse engineering, modifying, and distributing any versions of NASCAR® 2003. (Deposition of Tim Robinson ("Robinson Dep.")[2] 154:2–154:6; Answer ¶ 24). The EULA reads, in pertinent part:

> YOU SHOULD CAREFULLY READ THE FOLLOWING END USER LICENSE AGREEMENT BEFORE INSTALLING THIS SOFTWARE PROGRAM. BY INSTALLING OR OTHERWISE USING THE SOFTWARE PROGRAM, YOU AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. IF YOU DO NOT AGREE TO THE TERMS OF THIS AGREEMENT, PROMPTLY RETURN THE UNUSED SOFTWARE PROGRAM TO THE PLACE OF PURCHASE OR CONTACT SIERRA ENTERTAINMENT, INC. CUSTOMER SERVICE AT (310) 649-8008 FOR A FULL REFUND OF THE PURCHASE PRICE WITHIN 30 DAYS OF THE ORIGINAL PURCHASE.
>
> This software program (the "Program"), any printed materials, any on-line or electronic documentation, and any and all copies and derivative works of such software program (including materials created with a so called level editor, if included) and materials are the copyrighted work of Sierra Entertainment, Inc., a division of Vivendi Universal Games, Inc. … All use of the Program is governed by the terms of this End User License Agreement provided below.

---

[2] Cited excerpts from the Robinson Dep. transcript are attached to Affidavit of Irwin B. Schwartz In Support of Motion For Partial Summary Judgment ("Schwartz Aff.") (Docket No. 51) as Exhibit B.

(Kaemmer Aff. Ex. D (emphasis in original)).  Similar to the defendant in i.Lan, Robinson explicitly accepted the click-wrap license agreement when he clicked on the box stating "I agree." 183 F. Supp. 2d at 338.  Similar to the defendant in Meridian, Robinson does not dispute that he had a valid opportunity to return the NASCAR® 2003 software for a full return, as outlined in all capital letters in the first paragraph of the EULA, but did not do so.  426 F. Supp. 2d at 1107.  Under these facts, both Massachusetts and California law are in accord that such a click-wrap license agreement is enforceable as a matter of law, and accordingly Robinson is not entitled to a judgment that the EULA is unenforceable.  i.Lan, 183 F. Supp. 2d at 338; Meridian, 426 F. Supp. 2d at 1107.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above and in iRacing's moving papers, iRacing respectfully requests that this Court enter partial summary judgment against Robinson.

DATED:  February 12, 2008

Respectfully submitted,

iRacing.com Motorsport Simulations, LLC
By its attorneys,

 /S/  Michael G. Andrews
Irwin B. Schwartz (BBO# 548763)
Michael G. Andrews (BBO# 663452)
Business Litigation Associates, P.C.
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110
(617) 421-1800
(617) 421-1810 (fax)

## Certificate of Service

    I, Michael G. Andrews, attorney for Plaintiff iRacing.com Motorsport Simulations, LLC, hereby certify that on this 12th day of February, 2008, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Joseph F. Ryan, Lyne Woodworth & Evarts LLP, 600 Atlantic Avenue, Boston, MA 02210, counsel for Defendant Tim Robinson.

                                                                              /S/ Michael G. Andrews
                                                                               Michael G. Andrews