UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| iRACING.COM MOTORSPORT SIMULATIONS, LLC, a Delaware Limited Liability Company, | : | Civil Action No. 05-11639 NG |
| Plaintiff, | : | |
| v. | : | **OMNIBUS MOTION IN LIMINE TO EXCLUDE PROPOSED EXHIBITS** |
| TIM ROBINSON, individually and d/b/a www.ow-racing.com, www.torn8oalley.com and www.First-Racing-Sucks.com, | : | |
| Defendant. | : | |

As set forth below, Plaintiff iRacing Motorsport Simulations, LLC ("iRacing") respectfully moves in limine to exclude the bulk of the trial exhibits offered by Defendant Tim Robinson ("Robinson") through his trial affidavits.

Generally, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402; U.S. v. Lewis, 284 F. App'x 940, 942-43 (3d Cir. 2008) (court has broad discretion to limit introduction of peripheral and irrelevant evidence). Relevant evidence may be also excluded if its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. Fed. R. Evid. 403; Tuli v. Brigham & Women's Hosp., Inc., No. 12338-NG, 2009 WL 27303, *2 (D. Mass. Jan. 6, 2009) (precluding evidence as outweighed by "the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

In the First Circuit, when a party fails to make timely disclosures pursuant to Fed. R. Civ. P. 26 (or supplement those disclosures in a timely manner), "the required

sanction in the ordinary case is mandatory preclusion" of that evidence. AVX Corp. v. Cabot Corp., 251 F.R.D. 70, 78-79 (D. Mass. 2008) (granting motion to strike in part and *citing* Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) (discussing failure to disclose)).  Indeed, if a party fails to produce documents in response to discovery requests, that party should be prohibited from later introducing that previously undisclosed evidence at trial.  Fed. R. Civ. P. 37; Aerotech Res., Inc. v. Dodson Aviation, Inc., 191 F. Supp. 2d 1209, 1230 (D. Kan. 2002) (holding audiotape evidence was properly excluded at trial because, among other reasons, it was never produced during discovery).

The Court may not consider inadmissible hearsay at trial.  Fed. R. Evid. 802; Scott v. Macy's E., Inc., No. Civ.A.01-10323-NG, 2002 WL 31439745, * 6 (D. Mass. Oct. 31, 2002) (excluding hearsay statement).  "A party who seeks admission of hearsay evidence bears the burden of proving each element of the exception that he asserts." U.S. v. Bartelho, 129 F.3d 663, 670 (1st Cir. 1997) (holding evidence was properly excluded as hearsay and *citing* U.S. v. Omar, 104 F.3d 519, 522 (1st Cir. 1997)). Hearsay within hearsay, commonly referred to as double hearsay, is inadmissible unless both levels of hearsay meet an exception to the hearsay rule.  Fed. R. Evid. 805.

## Objections to Specific Documents

A.   Exhibits to Robinson's Trial Affidavit

iRacing objects to the exhibits attached to the Trial Affidavit of Tim Robinson (Docket No. 96) ("Robinson's Trial Affidavit") for the following reasons.

| Exhibit | Objections |
|---|---|
| **Exhibit 1** *Wikipedia Article* | iRacing objects to Exhibit 1 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant |

| | |
|---|---|
| *on Papyrus* | to Fed. R. Civ. P. 26[1]; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 2** *Project Wildfire website text, August 2003* | iRacing objects to Exhibit 2 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 3** *Blackhole Motor Sports interview with undisclosed Project Wildfire representative, July 2003* | iRacing objects to Exhibit 3 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is double hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 4** *E-mail chain between Steve Myers and Fred Anderson* | iRacing objects to Exhibit 4 of Robinson's Trial Affidavit because: (1) it is irrelevant to the limited issues that the Court has identified for trial; (2) it lacks a sufficient foundation for admissibility; and (3) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |

---

[1]  iRacing served its initial document requests on September 23, 2005, seeking all Robinson's documents relating to, among other things: (1) NASCAR 2003, or any modifications or derivative works thereto; (2) the hex-editing or reverse engineering of NASCAR 2003; (3) the EULA; (4) Robinson's specific modifications to NASCAR 2003; (5) downloads from Robinson's websites involving any NASCAR 2003 modifications; (6) the Beta Version; and (7) communications between iRacing and Robinson. (Docket No. 22 at Ex. B).  Robinson responded to these requests on November 21, 2005.  In late November 2005, based on certain of Robinson's online postings iRacing moved to compel the further document production.  (Docket No. 22).  In opposition, Robinson represented to the Court that "he had no further documents responsive to plaintiff's document requests", at the same time indicating that he would send CDs including any additional files that may be in his possession.  (Docket No. 23 at 4).  Apparently relying on Robinson's assertions, the Court denied the motion to compel in an Electronic Order on December 15, 2005.  Thereafter, Robinson submitted some additional files in January 2006.  On January 26, 2006, iRacing again moved to compel.  (Docket No. 31). Robinson opposed by indicating he had no additional responsive documents.  (Docket No. 35).  After numerous briefings on the issue, the Court granted iRacing's motion to compel in an Electronic Order on May 1, 2006.  However, Robinson failed to produce any additional documents.  On January 28, 2009, Robinson produced for the first time the great bulk of the documents he now proposes to introduce as evidence.

| Exhibit 5<br>*About.com article by Steve McCormick, May 2004* | iRacing objects to Exhibit 5 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
|---|---|
| Exhibit 7<br>*OW-Racing.com website, November 2004* | iRacing objects to Exhibit 7 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; and (3) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| Exhibit 8<br>*Undated Project Wildfire Press Release* | iRacing objects to Exhibit 8 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| Exhibit 15<br>*theUSPits.com message board thread supposedly quoting Dave Kaemmer* | iRacing objects to Exhibit 15 of Robinson's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is double hearsay; and (3) lacks a sufficient foundation for admissibility. |

B.   Exhibits From Tim McArthur's Trial Affidavit

iRacing objects to the exhibits attached to the Trial Affidavit of Tim McArthur ("McArthur's Trial Affidavit") (Docket No. 94) for the following reasons.

| Exhibit | Objections |
|---|---|
| Exhibit 1<br>*E-mail exchange between Jay Taylor of Project Wildfire and Jan Kohl of an undisclosed sim* | iRacing objects to Exhibit 1 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is double hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |

| | |
|---|---|
| *racing site* | |
| **Exhibit 2** *Project Wildfire website text, June 2004* | iRacing objects to Exhibit 2 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 3** *Project Wildfire website text, July 2004* | iRacing objects to Exhibit 3 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 5** *Xconomy Article, August 2008* | iRacing objects to Exhibit 5 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is double hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 6** *Mass High Tech Article, June 2008* | iRacing objects to Exhibit 6 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is double hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |
| **Exhibit 7** *Blackhole Motor Sports list of supposedly available NASCAR 2003 "Mods", January 2009* | iRacing objects to Exhibit 7 of McArthur's Trial Affidavit because: (1) it was never produced during discovery nor disclosed pursuant to Fed. R. Civ. P. 26; (2) it is irrelevant to the limited issues that the Court has identified for trial; (3) it is hearsay; (4) it lacks a sufficient foundation for admissibility; and (5) its probative value is substantially outweighed by the danger of confusion of the issues, undue delay, and waste of time. |

## **Conclusion**

For the reasons stated herein, iRacing respectfully requests that the Court

exclude exhibits 1-5, 7-8, and 15 to Robinson's Trial Affidavit and exhibits 1-3 and 5-7 to McArthur's Trial Affidavit, and preclude Robinson from introducing those exhibits at trial.

DATED:  February 4, 2009

Respectfully submitted,

iRacing.com Motorsport Simulations, LLC
By its attorneys,

 /S/  Michael G. Andrews
Irwin B. Schwartz (BBO# 548763)
Michael G. Andrews (BBO# 663452)
Nicholas R. Cassie (BBO# 672698)
Business Litigation Associates, P.C.
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110
(617) 421-1800

## Certificate of Service

I, Michael G. Andrews, attorney for Plaintiff iRacing.com Motorsport Simulations, LLC, hereby certify that on this 4th day of February 2009, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Joseph F. Ryan, Lyne Woodworth & Evarts LLP, 12 Post Office Square, Boston, MA 02109, counsel for Defendant Tim Robinson.

  /s/  Michael G. Andrews
Michael G. Andrews